[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 217.]

COLUMBUS BAR ASSOCIATION *v.* HALLIBURTON-COHEN.

[Cite as *Columbus Bar Assn. v. Halliburton-Cohen*, 2002-Ohio-640.]

*Attorneys at law—Misconduct—One-year suspension stayed with conditions— Engaging in conduct adversely reflecting on fitness to practice law— Failing to promptly deliver to client funds or property to which client is entitled—Failing to maintain complete records of client funds and render appropriate accounts thereof.*

(No. 01-1563—Submitted October 16, 2001—Decided January 30, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-104.

_____

*Per Curiam*.

{¶ 1} On December 4, 2000, relator, Columbus Bar Association, filed an eight-count complaint charging that respondent, Kim M. Halliburton-Cohen of Grandview Heights, Ohio, Attorney Registration No. 0023389, violated the Code of Professional Responsibility by failing to account for and return client funds on several occasions. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations of the parties and testimony at a hearing on June 25, 2001, the panel found that in January 1998, Carol Norris paid respondent a $100 consultation fee and a $2,500 retainer to represent her. Although a month later Norris decided not to pursue the litigation for which she hired respondent, respondent did not return her retainer until May 1999. The panel concluded that in this matter respondent violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law) and 9-

102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled).

**{¶ 3}** The panel also found that in 1998, while representing Rebecca Baron in a divorce case, respondent received and held in escrow $6,000 from the sale of a house. Respondent was to pay Mr. Baron $2,587.95 from the escrow, but did not do so until a grievance was filed against her and six months after she received a court order that she do so. The panel concluded that in this matter respondent violated DR 1-102(A)(6) and 9-102(B)(4).

**{¶ 4}** The panel further found that in January 1999, Danita Peck requested a return of the $239.50 she had paid respondent to represent her in a dissolution, but respondent did not return the funds until March 2000 after a grievance was filed. This failure, concluded the panel, violated DR 9-102(B)(4).

**{¶ 5}** Finally, the panel found that from January 1998 through September 1999, respondent did not maintain accurate and complete records of the client funds entrusted to her, that she did not pay funds to clients when requested, that on some occasions she used her client trust fund for personal expenses, and that on at least one occasion a check from that account was dishonored. The panel concluded that respondent's conduct during this period violated DR 1-102(A)(6), 9-102(B)(3) (a lawyer shall maintain complete records of all funds of a client coming into her possession and render appropriate accounts thereof), and 9-102(B)(4).

**{¶ 6}** Relator withdrew the four remaining disciplinary counts against respondent.

**{¶ 7}** The panel received in mitigation evidence that respondent had no prior disciplinary actions against her, that she appeared to have no dishonest motive, that she returned all client funds, that she cooperated with relator, and that she had undertaken appropriate psychological counseling to address the depression she suffered during the period of these infractions. The panel recommended that respondent be suspended from the practice of law for one year, with the entire

suspension stayed, provided that respondent participate in a monitored probation pursuant to Gov.Bar R. V(9), and that she conform her office and accounting procedures to acceptable professional standards. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 8} On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for one year; however, the entire suspension is stayed, provided that respondent participates in a one-year monitored probation program pursuant to Gov.Bar R. V(9), and that she conform her office and accounting procedures to professional standards acceptable to relator. Failure to meet these conditions of probation will result in an actual suspension from the practice of law for one year. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————

*Mary Jo Cusack, Joanne S. Peters, Bruce A. Campbell* and *Jill M. Snitcher McQuain,* for relator.

*Heald & Long* and *Anthony M. Heald*, for respondent.

————————