DISCIPLINARY COUNSEL *v.* CROUSHORE.

[Cite as *Disciplinary Counsel v. Croushore,*
**108 Ohio St.3d 156, 2006-Ohio-412.**]

(No. 2005–1545—Submitted September 28, 2005—Decided February 15, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Paul Gregory Croushore of Cincinnati, Ohio, Attorney Registration No. 0055524, was admitted to the Ohio bar in 1991.

{¶ 2} On January 27, 2005, relator, Disciplinary Counsel, filed a complaint alleging that respondent had violated two provisions of the Code of Professional Responsibility. Respondent was served with the complaint and filed an answer to it, and relator and respondent ultimately signed an agreed statement describing respondent's misconduct. The parties waived a hearing before a panel of the Board of Commissioners on Grievances and Discipline, and, based on the parties' stipulations and stipulated exhibits, the panel made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

*Misconduct*

{¶ 3} Respondent was a sole practitioner from June 1997 until February 1999. During that period, he failed to maintain appropriate records for his Interest on Lawyers' Trust Accounts ("IOLTA") account, and he made deposits to and withdrawals from the account that suggest he may have commingled client funds with other funds. For instance, respondent (or an accountant acting on his behalf) deposited a check from the Cincinnati Bar Association into respondent's IOLTA account even though he did not represent the bar association. Respondent wrote multiple checks from the account without documenting the relationship, if any, between particular client matters and the funds withdrawn. The checks written by respondent from the IOLTA account included (1) five checks totaling $3,041 payable to his office landlord, (2) a $500 check payable to cash for a trip involving his former wife, (3) eight checks totaling $7,450 payable to cash with no indication or record of the client or clients who owned the funds, (4) 101 checks totaling $53,127 payable to respondent with no indication or record of the client or clients who owned the funds, (5) three checks totaling $1,185 to his former wife, (6) a check to Delta Airlines for $250, apparently for a flight for his former wife, (7) ten checks totaling $13,406 payable to respondent's residential landlord, (8) a check to a department store for $389.55, (9) two checks to Martindale–Hubbell for $800, (10) two checks totaling $625 payable to "Mrs. United Nation" with the notation "Sharyn Croushore, Mrs. Kentucky UN, 1998" on one of the checks, and (11) a $1,200 check payable to a dentist.

{¶ 4} Respondent cannot verify that all funds deposited into the IOLTA account were client funds. He likewise cannot confirm whether all withdrawals from the account were for fees he had earned. He acknowledged that his failure to maintain appropriate IOLTA account records created a presumption that client funds were commingled with other funds.

{¶ 5} Respondent cooperated fully with relator's investigation of his misconduct, and he acknowledged that his actions violated DR 9–102(A) (requiring a lawyer to maintain client funds in a separate, identifiable bank account) and 9–102(B)(3) (requiring a lawyer to maintain complete records of all client funds and to render appropriate accounts regarding them). The board found that respondent did in fact violate those two provisions.

### Sanction

{¶ 6} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited no aggravating factors in connection with respondent's actions.

{¶ 7} The board did note several mitigating factors, including the absence of any prior disciplinary record, respondent's full cooperation with relator during the disciplinary process, and the absence of any evidence of financial harm to respondent's clients. BCGD Proc.Reg. 10(B)(2)(a) and (d).

{¶ 8} Relator and respondent recommended that respondent be suspended from the practice of law for 12 months with the entire suspension stayed on condition. The board adopted that recommendation.

{¶ 9} We agree that respondent violated DR 9–102(A) and 9–102(B)(3), and we adopt the board's recommendation of a 12–month stayed suspension. Respondent's cooperation with investigators, his lack of any prior disciplinary record, and the absence of any evidence of harm to clients all counsel against his actual suspension from the practice of law. As we have said, the purpose of the disciplinary process is not to punish the offender, but rather to protect the public. *Disciplinary Counsel v. O'Neill,* 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, at ¶ 53. With the probationary supervision recommended by the board, we trust that respondent's misconduct will not be repeated.

{¶ 10} Accordingly, respondent is hereby suspended from the practice of law for 12 months, with the entire suspension stayed on the condition that he commit no further misconduct during that term. If respondent violates the condition, the stay will be lifted, and respondent will serve the entire term as a period of actual suspension.

{¶ 11} In addition, respondent is placed on probation for a period of two years in accordance with Gov.Bar R. V(6)(B)(4). During the period of probation, respondent's IOLTA account records must be monitored by the monitoring attorney appointed by relator in accordance with Gov.Bar R. V(9).

{¶ 12} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Paul Gregory Croushore, pro se.