DISCIPLINARY COUNSEL *v*. FLETCHER.

[Cite as *Disciplinary Counsel v. Fletcher,*

122 Ohio St.3d 390, 2009-Ohio-3480.]

*Attorneys — Misconduct — Failure to maintain separate account and to keep complete records of trust account — Six-month suspension, stayed on conditions.*

(No. 2008-1691 — Submitted April 8, 2009 — Decided July 22, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 07-103.

_____

**Per Curiam**.

{¶ 1} Respondent, Peter F. Fletcher of Northfield, Ohio, Attorney Registration No. 0030992, was admitted to the practice of law in Ohio in 1982. The Board of Commissioners on Grievances and Discipline has recommended that we suspend respondent's license to practice for six months, staying the entire suspension on conditions of a monitored probation and no further misconduct, based on findings that respondent misused his client trust account and impermissibly provided financial assistance to a client. We agree that respondent breached ethical standards as found by the board and that a six-month conditionally stayed suspension is appropriate.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with two counts of professional misconduct, alleging multiple violations of the Disciplinary Rules of the former Code of Professional Responsibility and the current Rules of Professional Conduct, effective February 1, 2007. The board initially considered the case on a consent-to-discipline agreement, filed pursuant to BCGD Proc.Reg. 11, in which the parties stipulated to facts and misconduct and proposed a six-month suspension of respondent's license, stayed on conditions of a one-year

probation and no further misconduct. The board accepted the agreement and recommended that we impose the recommended sanction.

{¶ 3} Upon review of the board's certified report, we rejected the recommendation and returned the cause to the board "for further proceedings and consideration of a more severe sanction." See *Disciplinary Counsel v. Fletcher*, 119 Ohio St.3d 1467, 2008-Ohio-4989, 894 N.E.2d 327. A three-member panel of the board thereafter heard the cause and, based on the parties' stipulations and respondent's testimony, made findings of fact and conclusions of law and recommended a conditionally stayed six-month suspension. The board adopted the panel's findings of misconduct and again recommended the suspension of respondent's license for six months, all stayed on conditions of monitored probation and no further misconduct.

## Misconduct

### *Count I — Misuse of Client Trust Account*

{¶ 4} Respondent, who first entered the practice of law in Connecticut in 1975 and spent years as a corporate attorney and in association with a law firm, has more recently practiced on his own in the areas of criminal and traffic law, bankruptcy, divorce, personal injury, and Social Security disability. He has maintained an Interest on Lawyer's Trust Accounts ("IOLTA") account since at least 1996, but according to his testimony, he has over the succeeding years only occasionally received funds from clients that had to be held in trust. Prior to February 1, 2007, before Prof.Cond.R. 1.15(a)(2)[1] specified that lawyers must

---

1. {¶ a} Prof.Cond.R. 1.15(a) provides:
   {¶ b} "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. * * * For funds, the lawyer shall do all of the following:
   {¶ c} " * * *
   {¶ d} "(2) maintain a record for each client on whose behalf funds are held that sets forth all of the following:
   {¶ e} "(i) the name of the client;
   {¶ f} "(ii) the date, amount, and source of all funds received on behalf of such client;

maintain records to document the identity of client funds in an IOLTA account, respondent did not keep such records. And for more than a year after that date, respondent did not record disbursements and balances for each client as that rule requires.

**{¶ 5}** From at least 2002 until early August 2007, respondent did not maintain an operating account for his practice. He instead used his IOLTA account, in which he had commingled his own funds with funds belonging to clients, to pay business expenses. He also used his IOLTA account to pay personal expenses. Between January 2005 and January 2007, respondent wrote at least 150 checks to pay for personal and business expenses from his IOLTA account.

**{¶ 6}** From January 2005 through February 2007, respondent wrote 101 checks to himself from his IOLTA account without first verifying the amount in the account that belonged to him. On several occasions during this period, he received cash from deposits made into his IOLTA account that he applied to incidental personal expenses. And twice during 2006, the account was overdrawn, once because of a small error in his addition and again because of a bank mistake. The mistakes triggered the bank's obligation under R.C. 4705.10(A)(4)[2] to notify disciplinary authorities, which led to these proceedings.

**{¶ 7}** After agreeing that respondent "no longer engages in this conduct," the parties stipulated as follows:

**{¶ 8}** "Respondent's conduct before February 1, 2007, as set forth in Count One violates the Code of Professional Responsibility * * *, specifically:

{¶ g} "(iii) the date, amount, payee, and purpose of each disbursement made on behalf of such client;

{¶ h} "(iv) the current balance for such client."

2. R.C. 4705.10(A)(4) provides: "The depository institution shall notify the office of disciplinary counsel or other entity designated by the supreme court on each occasion when a properly payable instrument is presented for payment from the account, and the account contains insufficient funds."

DR 9-102(A) (all funds of clients paid to a lawyer shall be deposited in one or more identifiable bank accounts and no funds belonging to the lawyer or law firm shall be deposited therein); and DR 9-102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming in the possession of the lawyer which the client is entitled to receive).

{¶ 9} "Respondent's conduct on and after February 1, 2007, as set forth in Count One violates the Ohio Rules of Professional Conduct, specifically: ORPC 1.15(a) (A lawyer shall hold property of clients or third persons that is in [a] lawyer's possession in connection with a representation separate from the lawyer's own property); and ORPC 1.15(a)(2) (a lawyer shall maintain a record for each client on whose behalf funds are held)."

{¶ 10} The panel and board agreed that respondent violated the cited ethical standards. Because respondent's continued misuse of his IOLTA account violated DR 9-102(A) and (B)(3) and Prof.Cond.R. 1.15(a) and (a)(2), we accept the findings that he engaged in this misconduct.

*Count II — Financial Assistance to a Client*

{¶ 11} While representing a client during 2006 in both bankruptcy and divorce proceedings, respondent loaned the client approximately $900 for personal expenses unrelated to either case. Respondent also cashed checks for the client's small cleaning company by first depositing the checks into his IOLTA account. For the check-cashing and loan service, the client occasionally paid respondent a $25 or $50 fee in addition to repaying the loan. Respondent did not maintain records of the money that he deposited for his client.

{¶ 12} After agreeing that respondent "no longer engages in this conduct," the parties stipulated as follows:

{¶ 13} "Respondent's conduct before February 1, 2007, as set forth in Count Two herein violates the Code of Professional Responsibility * * *, specifically: DR 5-103(B) (a lawyer shall not provide financial assistance to a

client in connection with litigation unrelated to court costs or litigation expenses) and [DR 9-102(B)(3)] (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming in the possession of the lawyer which the client is entitled to receive)."

{¶ 14} The panel and board agreed that respondent violated the cited ethical rules. Because respondent's continued financial assistance to his client and incomplete recordkeeping violated DR 5-103(B) and 9-102(B)(3), we accept the findings that he engaged in this misconduct.

## Sanction

{¶ 15} The parties proposed a one-year suspension of respondent's license, all stayed on the conditions that (1) he complete a one-year probation that would include monitoring of his IOLTA account by an attorney appointed by relator and (2) he commit no further misconduct. In deciding to recommend a six-month suspension, stayed on the suggested conditions, the board considered the stipulated mitigating factors that respondent had no prior disciplinary record, his misconduct was not the result of a selfish or dishonest motive, and he had cooperated fully in the disciplinary process. See BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). The board also observed that "[n]o clients were harmed as a result of Respondent's misconduct." In addition, no evidence indicated to the board that respondent "was trying to hide or disguise income or assets for [the client] by depositing them into his IOLTA account."

{¶ 16} We adopt the board's recommendation. Respondent assisted his client financially out of concern for the client's well-being, not for any illicit purpose. And though his poor accounting practices resulted from a complete lack of understanding and appreciation of his duty to safeguard client funds, it appears from the stipulations that he commingled a relatively small sum, and no one has accused him of misappropriation. Moreover, respondent has acknowledged his deficiencies and earnestly promised to find or accept help in properly managing

his IOLTA account, operating bank account, and personal bank account. The board's recommendation will ensure that he does.

**{¶ 17}** Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the conditions that (1) he complete a one-year probation including monitoring of his IOLTA account by an attorney appointed by relator and (2) he commit no further misconduct. If respondent fails to comply with the conditions of the stay, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Peter F. Fletcher, pro se.

_____