ALLEN COUNTY BAR ASSOCIATION *v.* SCHRAMSKI.

**[Cite as *Allen Cty. Bar Assn. v. Schramski*,**

**124 Ohio St.3d 465, 2010-Ohio-630.]**

*Attorney misconduct, including failing to properly maintain a client trust account*
*— One-year suspension, with entire suspension stayed on conditions.*

(No. 2009-1542 — Submitted October 20, 2009 — Decided March 2, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 09-015.

_____

**Per Curiam**.

{¶ 1} Respondent, Nancy Schramski of Lima, Ohio, Attorney Registration No. 0038883, was admitted to the practice of law in Ohio in 1987.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for one year but stay the suspension on conditions to ensure that she properly maintains her client trust account. The recommendation is based on the board's findings that respondent had commingled her funds with her clients' funds and that she had failed to notify clients that she had no malpractice insurance. We accept the findings that respondent violated ethical standards incumbent on Ohio lawyers and that a one-year suspension stayed on conditions, including two years of probation, is appropriate.

{¶ 3} Relator, Allen County Bar Association, charged respondent with professional misconduct, including failure to comply with requirements for safekeeping client funds held in trust, which prior to February 1, 2007, were set forth in DR 9-102 of the Code of Professional Responsibility and now appear in Prof.Cond.R. 1.15. (See Appendix.) The parties stipulated that respondent

violated DR 9-102 and Prof.Cond.R. 1.15 and also DR 1-104 and Prof.Cond.R. 1.4(c), both requiring that lawyers notify clients that they do not maintain malpractice insurance.

{¶ 4} A panel of three board members heard the case and accepted respondent's admission to violations of Prof.Cond.R. 1.15 and 1.4(c).[1] The panel recommended that respondent be suspended from practice for one year, all stayed on the conditions that she (1) commit no further misconduct during the stayed suspension, (2) complete six hours of continuing legal education ("CLE") in law-practice management and proper use of a client trust account, (3) conform her office and accounting procedures to professional standards acceptable to relator, (4) submit for relator's review a certified public accountant's independent audit of her client trust account, (5) provide proof to relator that she has filed all delinquent tax returns, and (6) complete a two-year probation under the oversight of a monitor appointed by relator. The board adopted the panel's findings of misconduct and recommendation.

{¶ 5} The parties do not object to the board's report.

### Misconduct

{¶ 6} The board adopted this summary of the parties' factual stipulations as to DR 9-102 and Prof.Cond.R. 1.15:

{¶ 7} "Respondent filed a lawsuit in the Allen County Common Pleas Court alleging that she purchased numerous vehicles, made payments, but had not received the vehicles' titles. Respondent attached copies of checks to the complaint. The checks were from both her IOLTA [Interest on Lawyers' Trust Accounts] account and her office operating account. These checks were issued in

---

1. {¶ a} The panel omitted the Disciplinary Rule violations, explaining:

{¶ b} "The panel agrees with the parties' stipulated misconduct. The panel also recognizes that respondent's ethical lapses in each count occurred both prior to and after February 1, 2007, when the Rules of Professional Conduct were adopted. We view the violations as continuing and thus constituting only one rule violation in each count."

September, October, and November of 2003. The lawsuit was filed in April, 2008.

{¶ 8} "The parties stipulated that the respondent used accumulated earned fees still deposited in her IOLTA account and not client funds to purchase several vehicles.

{¶ 9} "Respondent does not maintain appropriate record keeping for her IOLTA account. There are no specific records for each client other than cancelled checks and monthly bank statements."

{¶ 10} More specifically, respondent acknowledged that she had violated DR 9-102 and Prof.Cond.R. 1.15 by "(1) failing to promptly withdraw earned fees from her IOLTA account (commingling personal funds with those of clients), (2) failing to maintain client ledgers and other records showing ongoing client and collective IOLTA account balances, (3) failing to maintain complete records and perform monthly reconciliation of the IOLTA account, and (4) using her IOLTA account to pay non-legal related expenses (including expenses related to a restaurant she co-owned and operated)."

{¶ 11} The board further found that prior to the disciplinary proceedings, respondent had never maintained professional-liability insurance, nor had she ever notified her clients of that fact, as required by DR 1-104 and Prof.Cond.R. 1.4(c). The board noted, however, that as of May 11, 2009, respondent had obtained a professional-liability insurance policy affording more coverage than specified in the rules. Respondent acknowledged that prior to May 11, 2009, she had violated DR 1-104 and Prof.Cond.R. 1.4(c).

{¶ 12} We accept respondent's admission to conduct that constitutes continuing violations of DR 9-102 and Prof.Cond.R. 1.15. and DR 1-104 and Prof.Cond.R. 1.4(c).

**Sanction**

**{¶ 13}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

**{¶ 14}** In reviewing sanctions imposed in similar cases, the board cited *Columbus Bar Assn. v. Halliburton-Cohen* (2002)*,* 94 Ohio St.3d 217, 761 N.E.2d 1040, and *Disciplinary Counsel v. Croushore,* 108 Ohio St.3d 156, 2006-Ohio-412, 841 N.E.2d 781. In *Halliburton-Cohen*, we ordered a lawyer's suspension from practice for one year, but stayed the suspension on the conditions that the lawyer submit to monitored probation and that she "conform her office and accounting procedures to professional standards acceptable to relator." In *Croushore*, we ordered a lawyer's suspension from practice for one year, but stayed the suspension on the condition that he submit to two years of monitored probation, including monitoring of his IOLTA account records.

**{¶ 15}** Like respondent, the lawyers in both of these cases failed for years to properly account for and maintain client funds entrusted to them for safekeeping. But also like respondent, they did so out of ignorance of professional bookkeeping responsibilities, not dishonesty. Unlike the lawyers in those cases, however, respondent also failed in her duty to notify clients that she lacked malpractice insurance, and evidence adduced at the hearing established a further failure to file various tax returns for the past several years. In mitigation,

however, neither respondent nor the lawyers in *Halliburton-Cohen* and *Croushore* had prior disciplinary records, and all cooperated appropriately during the disciplinary proceedings. See BCGD Proc.Reg. 10(B)(2)(a) and (d).

{¶ 16} We find the dispositions in *Halliburton-Cohen* and *Croushore* instructive. Respondent is therefore suspended from the practice of law in Ohio for one year; however, the suspension is stayed on the conditions that during the stay, respondent (1) commit no further misconduct, (2) complete, in addition to the requirements of Gov.Bar R. X, six hours of CLE in law-practice management and the proper use of a client trust account, (3) conform her office and accounting procedures to professional standards acceptable to relator, (4) submit for relator's review a certified public accountant's independent audit of her client trust account, (5) provide proof to relator that she has filed all delinquent tax returns, and (6) complete under the oversight of a monitor appointed by relator a two-year probation pursuant to Gov.Bar R. V(9). If respondent fails to comply with the conditions of the stay and probation, the stay will be lifted, and respondent will serve the one-year suspension from practice. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

**Appendix**

{¶ 17} Prof.Cond.R. 1.15 provides:

{¶ 18} "(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate interest-bearing account in a financial institution authorized to do business in Ohio and maintained in the state where the lawyer's office is situated. The account shall be designated as a 'client trust account,' 'IOLTA account,' or with a clearly identifiable fiduciary

title. Other property shall be identified as such and appropriately safeguarded. Records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of seven years after termination of the representation or the appropriate disbursement of such funds or property, whichever comes first. For other property, the lawyer shall maintain a record that identifies the property, the date received, the person on whose behalf the property was held, and the date of distribution. For funds, the lawyer shall do all of the following:

{¶ 19} "(1) maintain a copy of any fee agreement with each client;

{¶ 20} "(2) maintain a record for each client on whose behalf funds are held that sets forth all of the following:

{¶ 21} "(i) the name of the client;

{¶ 22} "(ii) the date, amount, and source of all funds received on behalf of such client;

{¶ 23} "(iii) the date, amount, payee, and purpose of each disbursement made on behalf of such client;

{¶ 24} "(iv) the current balance for such client.

{¶ 25} "(3) maintain a record for each bank account that sets forth all of the following:

{¶ 26} "(i) the name of such account;

{¶ 27} "(ii) the date, amount, and client affected by each credit and debit;

{¶ 28} "(iii) the balance in the account.

{¶ 29} "(4) maintain all bank statements, deposit slips, and cancelled checks, if provided by the bank, for each bank account;

{¶ 30} "(5) perform and retain a monthly reconciliation of the items contained in divisions (a)(2), (3), and (4) of this rule.

**{¶ 31}** "(b) A lawyer may deposit the lawyer's own funds in a client trust account for the sole purpose of paying or obtaining a waiver of bank service charges on that account, but only in an amount necessary for that purpose.

**{¶ 32}** "(c) A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.

**{¶ 33}** "(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. For purposes of this rule, the third person's interest shall be one of which the lawyer has actual knowledge and shall be limited to a statutory lien, a final judgment addressing disposition of the funds or property, or a written agreement by the client or the lawyer on behalf of the client guaranteeing payment from the specific funds or property. Except as stated in this rule or otherwise permitted by law or by agreement with the client or a third person, confirmed in writing, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive. Upon request by the client or third person, the lawyer shall promptly render a full accounting regarding such funds or other property.

**{¶ 34}** "(e) When in the course of representation a lawyer is in possession of funds or other property in which two or more persons, one of whom may be the lawyer, claim interests, the lawyer shall hold the funds or other property pursuant to division (a) of this rule until the dispute is resolved. The lawyer shall promptly distribute all portions of the funds or other property as to which the interests are not in dispute.

**{¶ 35}** "(f) Upon dissolution of any law firm, the former partners, managing partners, or supervisory lawyers shall promptly account for all client funds and shall make appropriate arrangements for one of them to maintain all records generated under division (a) of this rule.

**{¶ 36}** "(g) A lawyer, law firm, or estate of a deceased lawyer who sells a law practice shall account for and transfer all funds held pursuant to this rule to the lawyer or law firm purchasing the law practice at the time client files are transferred.

**{¶ 37}** "(h) A lawyer, a lawyer in the lawyer's firm, or a firm that owns an interest in a business that provides a law-related service shall:

**{¶ 38}** "(1) maintain funds of clients or third persons that cannot earn any net income for the clients or third persons in an interest-bearing trust account that is established in an eligible depository institution as required by sections 3953.231, 4705.09, and 4705.10 of the Revised Code or any rules adopted by the Ohio Legal Assistance Foundation pursuant to section 120.52 of the Revised Code.

**{¶ 39}** "(2) notify the Ohio Legal Assistance Foundation, in a manner required by rules adopted by the Ohio Legal Assistance Foundation pursuant to section 120.52 of the Revised Code, of the existence of an interest-bearing trust account;

**{¶ 40}** "(3) comply with the reporting requirement contained in Gov. Bar R. VI, Section 1(F)."

_____

Baran, Piper, Tarkowsky, Fitzgerald & Theis Co., L.P.A., and Robert B. Fitzgerald, for relator.

Bricker & Eckler, L.L.P., and Alvin E. Mathews, for respondent.

_____