TOLEDO BAR ASSOCIATION *v.* GREGORY.

[Cite as *Toledo Bar Assn. v. Gregory,* 132 Ohio St.3d 110, 2012-Ohio-2365.]

*Attorney misconduct, including failing to hold property of clients in an interest-bearing client trust account separate from the lawyer's own property and failing to maintain a record of the funds held on behalf of each client—Six-month suspension, all stayed on conditions.*

(No. 2011-2036—Submitted January 18, 2012—Decided May 30, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-015.

_____

**Per Curiam**.

{¶ 1} Respondent, Michele L. Gregory, formerly of Toledo, Ohio, Attorney Registration No. 0071394, was admitted to the practice of law in Ohio in 1999. On February 14, 2011, relator, Toledo Bar Association, filed a seven-count complaint alleging that Gregory had committed professional misconduct in her handling of seven different client matters. The alleged misconduct included failure to provide competent representation, neglect of client legal matters, failure to act with reasonable diligence, failure to comply with reasonable requests for information from a client, trust-account violations, and failure to disclose a material fact in response to a request by a disciplinary authority.

{¶ 2} The parties submitted a consent-to-discipline agreement pursuant to Gov.Bar R. V(11)(A)(3)(c) and BCGD Proc.Reg. 11, but the panel rejected the agreement because it addressed only counts six and seven of relator's complaint.

{¶ 3} At the hearing on the matter, relator moved the panel of the Board of Commissioners on Grievances and Discipline to dismiss counts one through five of its complaint, and the panel granted the motion. Based upon the parties' stipulations of fact and misconduct and Gregory's testimony, the panel found that

Gregory had mishandled client funds and her client trust account as stipulated with respect to counts six and seven of relator's complaint. Based upon this finding, the panel recommended that Gregory be suspended from the practice of law for six months but that the entire suspension be stayed on the conditions that she complete a one-year term of monitored probation, attend six hours of continuing education ("CLE") in law-office management, and commit no further misconduct.

{¶ 4} The board adopted the panel's findings of fact and misconduct as well as the recommended sanction, and so do we.

**Misconduct**

{¶ 5} The parties stipulated and the panel and board found that Gregory had mishandled the retainers remitted by two separate clients. Count six involved client Brenda Rausch, who gave Gregory an $800 retainer to file an adoption proceeding. Although Gregory maintained a client trust account, she initially failed to deposit the retainer into her trust account, and her records were in such disarray that it was impossible to determine when the money was finally deposited into that account. Rausch discharged Gregory and requested a refund because Gregory had failed to initiate the adoption proceeding. Gregory refunded the retainer with a check from her client trust account.

{¶ 6} Count seven involved divorce client Kimberly Stockard. Gregory received a retainer of $3,999.94—a $2,999.94 check, which she deposited with six cents of her own money into her client trust account, and a $1,000 check, which she deposited into her business account—on behalf of Stockard in January 2007. Stockard discharged Gregory on November 8, 2007, and Gregory submitted a $2,820 bill for the 28.2 hours of work she had performed on Stockard's behalf. On November 27, 2007, Gregory issued Stockard a $1,180 refund check from her client trust account, though she later stipulated that from February 2, 2007, through November 27, 2007, the balance in her client trust

account was always less than $1,180, which shows that she had withdrawn some of the unearned portion of the retainer.

{¶ 7} With respect to both counts, Gregory admitted that she had failed to promptly deposit and hold the clients' entire retainer in her client trust account. She also admitted that she had failed to maintain an accurate record of the funds held for each client; had failed to maintain records regarding her client trust account, including all bank statements, deposit slips, and canceled checks; and had failed to perform and retain monthly reconciliations.

{¶ 8} Based upon these facts, the parties stipulated and the panel and board found that Gregory had violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), 1.15(a)(4) (requiring a lawyer to maintain all bank statements, deposit slips, and canceled checks, if provided by the bank, for each bank account), and 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account) with respect to counts six and seven.[1] The panel and board also found that she had violated Prof.Cond.R. 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance) with respect to count seven by withdrawing a portion of Stockard's retainer from her client trust account when the fees had not been earned.

{¶ 9} The board dismissed the charges alleging violations of Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) with respect to counts six and seven and Prof.Cond.R. 8.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a

---

1. Relator's complaint did not allege violations of Prof.Cond.R. 1.15(a) or 1.15(a)(4) with respect to count six, but Gregory stipulated to those violations with respect to that count. And at the hearing, she testified that she had received adequate notice of those allegations.

disciplinary matter) and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) with respect to count six, finding that relator had failed to prove them by clear and convincing evidence.

{¶ 10} We adopt these findings of fact and misconduct and also dismiss the charge alleging a violation of Prof.Cond.R. 1.15(a)(3) (requiring a lawyer to maintain a record for the lawyer's client trust account, setting forth the name of the account, the date, amount, and client affected by each credit and debit, and the balance in the account) with respect to count seven, which has not been proven by clear and convincing evidence and has not been disposed of by either the panel or the board.

**Sanction**

{¶ 11} In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. As aggravating factors, they found that Gregory had engaged in a pattern of misconduct involving multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(c) and (d). In mitigation, the panel and board cited the absence of both a prior disciplinary record and a dishonest or selfish motive. *See* BCGD Proc.Reg. 10(B)(2)(a) and (b). They also cited the absence of lasting harm to clients, Gregory's timely good-faith effort to rectify the consequences of her misconduct by making restitution, her full and free disclosure to the board, and her cooperative attitude toward the disciplinary proceedings. *See* BCGD Proc.Reg. 10(B)(2)(c) and (d). They found that Gregory had acknowledged the wrongful nature of her conduct, had sincerely assured the panel that she would not commit similar misconduct in the future, and had voluntary wound down her practice during the pendency of this disciplinary matter to protect potential clients from having to find new attorneys if she lost her right to practice.

4

**{¶ 12}** Relator suggests that a one-year stayed suspension is the appropriate sanction for Gregory's misconduct, citing *Disciplinary Counsel v. Croushore*, 108 Ohio St.3d 156, 2006-Ohio-412, 841 N.E.2d 781 (imposing a one-year stayed suspension and two years of monitored probation upon an attorney for commingling personal and client funds in his client trust account and failing to maintain adequate records of client funds held in that account) and *Allen Cty. Bar Assn. v. Schramski*, 124 Ohio St.3d 465, 2010-Ohio-630, 923 N.E.2d 603 (imposing a one-year suspension stayed on conditions, including the completion of a two-year term of monitored probation, for an attorney who failed to maintain adequate records of funds held in her client trust account, commingled personal and client funds in her client trust account, and used that account to pay personal expenses).

**{¶ 13}** The panel and board rejected relator's recommended sanction, however, finding that Gregory's misconduct was not as egregious as Croushore's or Schramski's. Instead, they found our decisions in *Disciplinary Counsel v. Fletcher*, 122 Ohio St.3d 390, 2009-Ohio-3480, 911 N.E.2d 897, and *Disciplinary Counsel v. Vivyan*, 125 Ohio St.3d 12, 2010-Ohio-650, 925 N.E.2d 947, to be more instructive.

**{¶ 14}** In *Fletcher*, the attorney had failed to maintain required records to document the identity of funds in his client trust account, used his client trust account as his operating account, and provided impermissible financial assistance to a client. *Fletcher* at ¶ 4-6, 11. We found that his failure to follow adequate accounting practices, however, was the result of his "complete lack of understanding and appreciation of his duty to safeguard client funds." *Id.* at ¶ 16. And although he had commingled personal and client funds, the amounts involved were small, no one had accused him of misappropriation, and no clients were harmed as a result of his misconduct. *Id.* at ¶ 15-16. Consequently, we found that the appropriate sanction for Fletcher's misconduct was a six-month suspension,

stayed on the conditions that Fletcher complete one year of monitored probation and that he commit no further misconduct. *Id*. at ¶ 17. And in *Vivyan,* we imposed a six-month stayed suspension for an attorney who withdrew $1,535 in unearned fees from his client trust account. Vivyan had practiced law for 40 years without misconduct and had made timely restitution in that he replenished his trust account when he learned that it was overdrawn. *Id*. at ¶ 13.

{¶ 15} Given Gregory's full acknowledgment of her deficiencies, her timely good-faith effort to make restitution, and her sincere assurance that she will not commit similar misconduct in the future, we believe that a six-month suspension stayed on the conditions recommended by the board will adequately protect the public from future misconduct.

{¶ 16} Accordingly, we suspend Michele L. Gregory from the practice of law in Ohio for six months, all stayed on the conditions that she complete a one-year term of monitored probation in accordance with Gov.Bar R. V(9), attend at least six hours of CLE in law-office management in addition to the requirements of Gov.Bar R. X, and commit no further misconduct. If Gregory fails to comply with the conditions of the stay, the stay will be lifted and she will serve the full six-month suspension. Costs are taxed to Gregory.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Michael A. Bonfiglio, Bar Counsel; MacMillan, Sobanski & Todd, L.L.C., and Richard S. MacMillan; and Handwork & Kerscher, L.L.P., and Jeffrey M. Kerscher, for relator.

Michele L. Gregory, pro se.

_____

6