[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Akron Bar Assn. v. Tucker,* **Slip Opinion No. 2018-Ohio-2631.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2631

AKRON BAR ASSOCIATION *v.* TUCKER.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Akron Bar Assn. v. Tucker,* **Slip Opinion No. 2018-Ohio-2631.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed six-month suspension.*

(No. 2017-1739—Submitted January 24, 2018—Decided July 10, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-004.

_____

**Per Curiam.**

{¶ 1} Respondent, Jon David Tucker, of Tallmadge, Ohio, Attorney Registration No. 0068817, was admitted to the practice of law in Ohio in 1997.

{¶ 2} In February 2017, relator, Akron Bar Association, charged Tucker with violating the Rules of Professional Conduct for misusing his client trust account. The parties entered into stipulations of fact and misconduct and jointly

recommended that Tucker serve a conditionally stayed six-month suspension. After a hearing, the Board of Professional Conduct issued a report finding that Tucker committed some of the charged misconduct and recommending that we adopt the parties' stipulated sanction. Neither party has objected to the board's recommendation.

{¶ 3} Based on our review of the record, we adopt the board's findings and recommended sanction.

**Misconduct**

*Count I – Client-trust-account violations*

{¶ 4} In 2015, relator investigated and ultimately dismissed a grievance filed against Tucker by a former client. During that investigation, however, relator discovered that Tucker had used funds from his client trust account to pay for his malpractice insurance. Relator opened a separate investigation into Tucker's use of his client trust account and later found that he had been using the account for personal and business purposes. Specifically, between January 2013 and September 2015, Tucker wrote almost 200 checks from his client trust account to pay for a variety of personal and business expenses, including his office rent, utilities for his home, personal-income and real-estate taxes, insurance, attorney-registration fees, judicial-campaign contributions, and loan payments. In addition, on at least 80 occasions, he electronically withdrew funds from the account to cover personal expenses.

{¶ 5} During the disciplinary process, Tucker admitted that he had used his client trust account as a "personal bank account and his law office operating account" and that rather than withdrawing money from his client trust account when he earned it, he allowed his personal funds to accumulate in the account and then paid personal and business expenses directly from it. Consequently, at the end of 2013, he had a balance of $19,446.78 in his client trust account but only $2,000 could be attributed to clients, with the remaining funds belonging to him. Similarly,

2

his client trust account had a balance of $26,315.68 at the end of 2014, but only $14,250 constituted client funds. Tucker also admitted that he had failed to maintain records to document the identity of funds in the account.

**{¶ 6}** Based on this conduct, the parties stipulated and the board found that Tucker violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(a)(2) through (5) (requiring a lawyer to maintain certain records regarding funds held in a client trust account and certain bank records as well as to perform and retain a monthly reconciliation of the account), and 1.15(b) (permitting a lawyer to deposit his or her own funds in a client trust account for the sole purpose of paying or obtaining a waiver of bank service charges).

**{¶ 7}** We agree with the board's findings of misconduct.

*Count II – Funds belonging to William Congrove*

**{¶ 8}** At his disciplinary hearing, Tucker testified that William Congrove, a friend and former client, gave Tucker a $17,000 check that Congrove had received as insurance proceeds for a fire at his home. Although the check did not relate to any legal work that Tucker had completed for Congrove, Tucker deposited the funds into his client trust account. He then withdrew $10,000 in cash from the account and gave the money to Congrove, along with $7,000 from his personal funds. Tucker testified that at the time, he was trying to help his friend cash the check because Congrove did not have a bank account. Tucker admitted, however, that he should not have deposited the check into his client trust account and that during that general time period, he had not maintained the required records for the money that he had deposited in the account.

**{¶ 9}** Based on this conduct, the board found that Tucker violated Prof.Cond.R. 1.15(a), 1.15(a)(2), 1.15(a)(3), and 1.15(a)(5). We accept the board's findings of misconduct.

**Sanction**

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 11}** As aggravating factors, the board found that Tucker engaged in a pattern of misconduct and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(3) and (4). In mitigation, the board found that Tucker has no prior discipline, he lacked a dishonest or selfish motive, and he demonstrated a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(1), (2), and (4). The board also noted that no clients were harmed as a result of Tucker's misconduct and that since initiation of the disciplinary proceedings, he had made changes to his law practice to ensure compliance with the rules relating to client trust accounts.

**{¶ 12}** To support its recommended sanction, the board reviewed similar cases involving attorneys who used their client trust accounts to pay for personal and business expenses, including *Disciplinary Counsel v. Johnston*, 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892 (imposing a conditionally stayed one-year suspension on an attorney who commingled personal and client funds in his client trust account, used the account to pay personal and business expenses, overdrew the account on 22 separate occasions, and bounced a check to a client), and *Disciplinary Counsel v. Dockry*, 133 Ohio St.3d 527, 2012-Ohio-5014, 979 N.E.2d 313 (imposing a conditionally stayed one-year suspension on an attorney who commingled personal and client funds in his client trust account, used the account to pay personal and business expenses, and borrowed client funds from the account to cover a deficiency in his personal checking account).

**{¶ 13}** Of the precedents cited by the board, we find *Disciplinary Counsel v. Fletcher*, 122 Ohio St.3d 390, 2009-Ohio-3480, 911 N.E.2d 897, most

instructive. In that case, an attorney wrote at least 150 client-trust-account checks to cover personal and business expenses, wrote 101 client-trust-account checks to himself without first verifying the amount in the account that belonged to him, and failed to maintain required records to document the identity of funds in the account. In addition, he impermissibly loaned money to a client and cashed checks for the client's small business by depositing them into his client trust account. In mitigation, the attorney had no prior discipline, lacked a dishonest or selfish motive, and fully cooperated in the disciplinary process. We noted that although the attorney commingled personal and client funds, no one had accused him of misappropriation and no clients were harmed as a result of his misconduct. We also noted that the attorney had acknowledged his deficiencies and had agreed to accept help in properly managing his client trust account. We suspended the attorney for six months but stayed the suspension on conditions, including monitored probation.

**{¶ 14}** Tucker's misconduct is comparable to the ethical infractions in *Fletcher*, and, in mitigation, Tucker also has no prior discipline, lacked a dishonest or selfish motive, and cooperated in the disciplinary process. In addition, the board found that Tucker's actions did not harm any clients and that he has instituted corrective measures to ensure proper use of his client trust account. In accord with *Fletcher*, we conclude that a conditionally stayed six-month suspension is appropriate in this case.

### Conclusion

**{¶ 15}** For the reasons explained above, Jon David Tucker is suspended from the practice of law for six months, with the entire suspension stayed on the conditions that he (1) complete a six-month period of monitored probation in accordance with Gov.Bar R. V(21), (2) complete six hours of continuing legal education relating to law-office management, including at least two hours relating to trust-account management, in addition to the requirements of Gov.Bar R. X

within six months of this court's disciplinary order, and (3) engage in no further misconduct. If Tucker fails to comply with a condition of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Tucker.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Nathan A. Ray; and Wayne M. Rice, Bar Counsel, for relator.

Jon David Tucker, pro se.

_____