COLUMBUS BAR ASSOCIATION *v.* PEDEN.

[Cite as *Columbus Bar Assn. v. Peden,* 118 Ohio St.3d 244, 2008-Ohio-2237.]

(No. 2008–0007—Submitted February 27, 2008—Decided May 15, 2008.)

**Per Curiam.**

{¶ 1} Respondent, John Joseph Peden of Gahanna, Ohio, Attorney Registration No. 0021233, was admitted to the practice of law in Ohio in 1983. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, with the suspension stayed on remedial conditions, based on findings that respondent mishandled client funds in his possession and initially failed to cooperate in the disciplinary investigation. We adopt the findings of professional misconduct and the recommended sanction.

{¶ 2} Relator, Columbus Bar Association, charged respondent with violations of DR 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 9–102(A) (requiring a lawyer to maintain client funds other than advances for costs and expenses in a separate identifiable bank account), 9–102(B) (requiring a lawyer to account for, preserve, and, when appropriate, refund client funds in the lawyer's possession), and 9–102(E) (requiring a lawyer to maintain an interest-bearing trust account in accordance with statutory standards), and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation). A panel of the board heard the case, including respondent's stipulations to the cited misconduct, made findings of misconduct, and recommended the six-month stayed suspension. The board adopted the panel's findings and recommendation.

## Misconduct

{¶ 3} While investigating a grievance against respondent that was later re-solved informally, relator discovered deficiencies in respondent's practices for safeguarding client funds. Respondent has since conceded that he overdrew his client trust account nine times during 2003 and 2004 and that he was unable to immediately refund an unearned $1,500 fee to the grievant as a result. Respondent also did not maintain an interest-bearing client trust account from December 2004 through February 2005, but continued to collect funds from clients. When respondent did have a trust account, he sometimes used funds from that account to pay costs for clients before they paid him. He also occasionally deposited unearned fees in his office operating account. Respondent thereby violated DR 9–102(A), (B), and (E).

{¶ 4} Respondent also failed to produce trust-account records as requested during the investigation of his misconduct. Relator had to subpoena some of these records and had to ask respondent repeatedly to produce others. Respon-

dent further failed to disclose where he had deposited client funds from December 2004 through February 2005. Respondent thereby violated DR 1–102(A)(6) and Gov.Bar R. V(4)(G).

## Sanction

{¶ 5} To determine the appropriate sanction, we factor into our decision the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The parties stipulated that respondent suffered from a mental disability and that his condition is mitigating under BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv) (mental disability has mitigating effect upon proof that the condition was diagnosed by a qualified health-care professional, that the condition was determined to be a contributing cause to the misconduct, that the lawyer has experienced a sustained period of successful treatment, and that a qualified health-care provider has determined that the lawyer will be able to return to competent practice).

{¶ 6} Respondent, who testified to having suffered from depression for years, was diagnosed in March 2007 with an adjustment disorder with mixed emotional features. His treating psychologist indicated that he had improved with therapy and that his prognosis was good. Respondent has also consulted with a clinical associate for the Ohio Lawyers Assistance Program ("OLAP"), and in March 2007, he entered a four-year OLAP contract to continue treatment. The clinical associate testified that respondent is in compliance with his OLAP contract, and she described how he had improved since he began treatment.

{¶ 7} The panel and board found that respondent's disorder had contributed to cause his misconduct with regard to ignoring the disciplinary process, but that with treatment, he began attending to discovery requests and cooperating in the process. Other mitigating factors included that respondent had no prior disciplinary record, did not act out of dishonesty or greed, and had refunded his client's $1,500 fee. BCGD Proc.Reg. 10(B)(2)(a), (b), and (c). Respondent also acknowledged and apologized for his misconduct.

{¶ 8} Adopting the panel's report, the board concluded that respondent has a new understanding of how to properly account for client funds and will adhere to these practices in the future. To ensure that he does, the board accepted the parties' proposed sanction of one year of monitored probation in combination with a six-month stayed suspension. As conditions for the stay, the board recommends that respondent be required to (1) periodically provide treatment reports from his psychologist on his ability to practice law competently and within ethical standards, (2) remain in compliance with his OLAP contract, and (3) serve a one-year monitored probation, with the monitor paying specific attention to respondent's compliance with the requirements for client trust accounts.

{¶ 9} We adopt the board's recommendation. We suspend respondent from the practice of law in Ohio for six months but stay the suspension on the conditions set forth by the board, including one year of probation pursuant to Gov.Bar R. V(9). With regard to the first condition, respondent must provide quarterly reports to the monitor appointed by relator. If respondent fails to comply with the terms of the stay or probation, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Vorys, Sater, Seymour and Pease, L.L.P., and Lisa Pierce Reisz; Bruce A. Campbell, Bar Counsel; and A. Alysha Clous, for relator.

John J. Peden, pro se.