CUYAHOGA COUNTY BAR ASSOCIATION *v.* NANCE.

[Cite as *Cuyahoga Cty. Bar Assn. v. Nance,*
119 Ohio St.3d 55, 2008-Ohio-3333.]

(No. 2007–2361—Submitted February 27, 2008—Decided July 9, 2008.)

_____

**Per Curiam.**

{¶ 1} Respondent, Donald Nance of Cleveland, Ohio, Attorney Registration No. 0034086, was admitted to the practice of law in Ohio in 1979. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, with the suspension to be stayed on remedial conditions, based on findings that he misused his client trust account. We agree that respondent violated the Code of Professional Responsibility as found by the board and that a six-month suspension, all stayed, is appropriate.

{¶ 2} Relator, Cuyahoga County Bar Association, charged respondent with five counts of professional misconduct, including violations of DR 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law) and 9–

102(A) (requiring a lawyer to maintain client funds in a separate, identifiable bank account). The parties waived a hearing, and a panel of the board considered the case on stipulations and respondent's deposition. The panel found the cited misconduct and recommended the six-month stayed suspension. The board adopted the panel's findings and recommendation.

## Misconduct

{¶ 3} As to the first count, respondent stipulated that he impermissibly paid an employee in May 2006 with a check drawn from his trust account and without sufficient funds to cover the check. Respondent admitted that he had violated DR 1–102(A)(6) and 9–102(A) by misusing his client trust account.

{¶ 4} As to the remaining four counts, respondent stipulated that during the first four months of 2006, he impermissibly drew checks on or made transfers from his trust account 121 times to pay for personal and business expenses, even overdrawing the account on one occasion. Respondent admitted that he violated DR 9–102(A) by misusing his client trust account.

## Sanction

{¶ 5} To determine the appropriate sanction, we consider the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 6} Respondent has no prior record of Disciplinary Rule violations, but his license was suspended briefly in December 2005 for failure to register, see *In re Atty. Registration Suspension of Nance,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671, and he registered late for the biennium commencing on September 1, 2007. See BCGD Proc.Reg. 10(B)(2)(a). In mitigation, respondent made restitution to the person who cashed the employee's bad check, including paying bank charges. See BCGD Proc.Reg. 10(B)(2)(c). Relator further assured the panel that it believed that respondent had misused his trust account out of ignorance, not intentional dishonesty. Respondent's acknowledgement of his wrongdoing is also mitigating.

{¶ 7} The parties proposed a six-month suspension to be stayed on the conditions that he commit no further disciplinary violations, properly maintain his trust account, and comply with attorney registration requirements. Accepting the panel's report, the board recommended this sanction as consistent with *Columbus Bar Assn. v. Halliburton–Cohen,* 94 Ohio St.3d 217, 2002-Ohio-640, 761 N.E.2d 1040, in which we imposed a one-year license suspension, all stayed on conditions to improve the lawyer's accounting practices. That lawyer had engaged in much the same misconduct as respondent and presented similar

evidence in mitigation, but she had also failed to return funds to which three clients were entitled, calling for the longer suspension period.

{¶ 8} We accept the board's recommendation. Respondent is therefore suspended from the practice of law in Ohio for six months, but the suspension is stayed on the conditions that he commit no further disciplinary violations, properly maintain his trust account, and comply with attorney registration requirements. If respondent violates the terms of the stay, the stay will be lifted and respondent shall serve the entire six-month suspension.

{¶ 9} Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., dissents.

---

**MOYER, C.J., dissenting.**

{¶ 10} I respectfully dissent from the majority decision in regard to the sanction imposed on respondent. Respondent stipulated that he improperly used his trust account to pay personal or business expenses on 122 different occasions, and that he overdrew the account on two of those occasions. In addition, respondent was suspended from the practice of law for ten days in 2005 for failing to pay his biennial registration fees and registered late for the biennium commencing September 1, 2007.

{¶ 11} Respondent's actions illustrate a troubling carelessness for monetary concerns; such conduct warrants a stricter sanction than the stayed suspension that the majority imposes. I would therefore impose a six-month suspension from the practice of law, with no time stayed.

---

Ellen S. Mandell, Bar Counsel, and Stuart H. Lippe, for relator.

James A. Gay, for respondent.