Tyrone Rudolph, pro se.

DISCIPLINARY COUNSEL *v.* NEWCOMER.

[Cite as *Disciplinary Counsel v. Newcomer,* 119 Ohio St.3d 351, 2008-Ohio-4492.]

352

**Per Curiam.**

{¶ 1} Respondent, Ned Stevens Newcomer of Holland, Ohio, Attorney Registration No. 0012978, was admitted to the practice of law in Ohio in 1968. The Board of Commissioners on Grievances and Discipline has recommended that we suspend respondent's license to practice for six months, staying the suspension on condition, based on findings that he commingled his own funds with clients' funds held in trust. We agree that respondent violated the Code of Professional Responsibility as found by the board and that a six-month stayed suspension is appropriate.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with professional misconduct, including violations of DR 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects upon the lawyer's fitness to practice law) and 9–102(A) (requiring a lawyer to maintain client funds, other than advances for costs and expenses, in a separate, identifiable bank account). A panel of the board considered the case on the parties' consent-to-discipline agreement, filed pursuant to Section 11 of the Rules and Regulations Governing Complaints and Procedure before the Board of Commissioners on Grievances and Discipline. The panel accepted the agreement, found the stipulated violations of DR 1–102(A)(6) and 9–102(A), and recommended the six-month stayed suspension proposed by the parties. The board adopted the panel's findings and recommendation.

{¶ 3} The parties stipulated that respondent improperly maintained his client trust account by using it for his personal banking needs. Prior to June 2006, respondent maintained a Fifth Third Bank account in which he placed funds entrusted to him by his clients. That month, the bank notified respondent that he had overdrawn the account by $132.60 on one occasion and by $258.48 on another. Admitting that he had started using the account for his personal finances, respondent explained that he had done so because the bank had earlier closed his personal bank account for reasons related to his poor financial condition.

{¶ 4} By commingling his own and entrusted client funds, respondent violated DR 1–102(A)(6) and 9–102(A). For these disciplinary infractions, we have ordered a six-month suspension, stayed on conditions. See, e.g., *Cuyahoga Cty. Bar Assn. v. Nance*, 119 Ohio St.3d 55, 2008-Ohio-3333, 891 N.E.2d 746; *Colum-*

*bus Bar Assn. v. Peden,* 118 Ohio St.3d 244, 2008-Ohio-2237, 887 N.E.2d 1183. We therefore impose the sanction recommended by the board.

{¶ 5} We suspend respondent from the practice of law in Ohio for six months; however, the suspension is stayed on the condition that respondent commit no further misconduct. If respondent violates the condition of the stay, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Ned Stevens Newcomer, pro se.