DISCIPLINARY COUNSEL *v.* TAUBMAN.

[Cite as *Disciplinary Counsel v. Taubman,* 136 Ohio St.3d 312,

2013-Ohio-3704.]

*Attorneys—Misconduct—Negligently withdrawing settlement proceeds held in client guardianship account—Consent to discipline—Six-month suspension stayed on conditions.*

(No. 2012-1715—Submitted April 23, 2013—Decided September 3, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 12-046.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Bruce David Taubman of Cleveland, Ohio, Attorney Registration No. 0001410, was admitted to the practice of law in Ohio in 1976. In June 2012, relator, disciplinary counsel, charged Taubman with professional misconduct for negligently withdrawing settlement proceeds held in a client guardianship account for Taubman's personal use.

**{¶ 2}** A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11. In that agreement, Taubman stipulated to the facts as alleged in relator's complaint and agreed that his conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

**{¶ 3}** The parties also stipulated that no aggravating factors exist and that the mitigating factors include the absence of a prior disciplinary record, a timely

good-faith effort to rectify the consequences of the misconduct, full and free disclosure to the board and a cooperative attitude toward the disciplinary proceedings, and good character or reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (e). The parties further agreed that a stayed six-month suspension is the appropriate sanction for Taubman's misconduct.

{¶ 4} The board recommended that we adopt the consent-to-discipline agreement, but we remanded the matter because Taubman's affidavit did not conform to the requirements of BCGD Proc.Reg. 11(B). 134 Ohio St.3d 1463, 2013-Ohio-502, 983 N.E.2d 364. Upon submission of Taubman's supplemental affidavit, the board found that the consent-to-discipline agreement met the requirements of our remand order, and the board again recommends that we adopt the parties' agreement. The board refers to similar disciplinary cases in support of its recommendation, including *Disciplinary Counsel v. Vivyan*, 125 Ohio St.3d 12, 2010-Ohio-650, 925 N.E.2d 947 (imposing a six-month stayed suspension on an attorney who withdrew for his personal use settlement proceeds held in trust for a client).

{¶ 5} We agree that Taubman violated Prof.Cond.R. 1.15(a) and 8.4(h) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a stayed six-month suspension. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 6} Accordingly, Taubman is hereby suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the condition that he commit no further misconduct. If Taubman fails to comply with the condition of the stay, the stay will be lifted, and his license will be suspended for the full six months. Costs are taxed to Taubman.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Richard S. Koblentz and Kevin R. Marchaza, for respondent.

_____