[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Quinn,* Slip Opinion No. 2015-Ohio-3687.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3687

DISCIPLINARY COUNSEL *v.* QUINN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Quinn,* Slip Opinion No. 2015-Ohio-3687.]

*Attorney misconduct—Violations of the Rules of Professional Conduct, including failing to deposit into trust account legal fees and expenses paid in advance and failing to cooperate in disciplinary investigation—Six-month suspension and one year of monitored probation upon reinstatement.*

(No. 2014-2159—Submitted February 4, 2015—Decided September 16, 2015.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2014-038.

_____

**Per Curiam**.

{¶ 1} Respondent, Charles Richard Quinn of Kent, Ohio, Attorney Registration No. 0009417, was admitted to the practice of law in Ohio in 1979. On April 30, 2014, relator, disciplinary counsel, filed a complaint with the Board

of Commissioners on Grievances and Discipline[1] alleging that Quinn had neglected a client matter, mishandled client funds, knowingly failed to respond to a demand for information from a disciplinary authority, and engaged in conduct that was prejudicial to the administration of justice.

{¶ 2} The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors, along with 50 stipulated exhibits. The panel heard Quinn's testimony and unanimously dismissed two allegations of violations. Later, the panel issued a report adopting the parties' remaining stipulations and recommending that Quinn be suspended for six months, all stayed, and that he submit to one year of monitored probation, with the monitoring attorney's focus being on Quinn's law-office management and client trust accounts. The board adopted the panel's report and recommendation.

{¶ 3} We adopt the board's findings of fact and misconduct, but find that Quinn's conduct warrants an actual suspension from the practice of law. Accordingly, we suspend Quinn from the practice of law for six months and order him to serve one year of monitored probation focused on his law-office management and compliance with client-trust-account regulations upon his reinstatement to the practice of law.

**Misconduct**

{¶ 4} Christopher L. Hoffman was convicted of murder, involuntary manslaughter, and two counts of endangering children and sentenced to 20 years to life in prison in June 2009. In July of that year, Quinn agreed to represent him in his appeal for a $5,000 flat fee, which he received from Hoffman's trial counsel, and filed a notice of appeal.

{¶ 5} The Ninth District Court of Appeals vacated Hoffman's sentence, sua sponte, and remanded the case to the trial court for resentencing in November

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2009 because the trial court had not properly imposed postrelease control. Quinn represented Hoffman at his November 17, 2010 resentencing hearing at no charge and was instrumental in obtaining a reduced sentence of 15 years to life in prison.

{¶ 6} On November 30, 2010, Hoffman's former counsel forwarded $3,733.26 to Quinn to pay for filing fees and for a copy of Hoffman's trial transcript. Instead of holding that money in trust and using it for Hoffman's benefit, Quinn held the check for almost ten months before he deposited it into his personal account and used the funds to pay his personal and business expenses.

{¶ 7} The trial court did not journalize Hoffman's reduced sentence until July 22, 2011. Quinn filed a timely notice of appeal and requested that the Summit County Court of Common Pleas provide a copy of the trial transcript. Although Quinn had received over $8,000 for Hoffman's appeal, the court found Hoffman to be indigent for purposes of appeal and ordered that the fee for producing the trial transcript be taxed as a cost. Despite having received an extension of time, Quinn did not file an appellate brief on Hoffman's behalf. Consequently, the appellate court dismissed Hoffman's appeal—though it later granted the Ohio Public Defender's motion to reopen the appeal.

{¶ 8} Hoffman filed a grievance against Quinn in January 2013. On the date that his response to relator's first letter of inquiry was due, Quinn called to request an extension of time in light of his stepdaughter's recent death. Relator told Quinn to take as much time as he needed, but sent a second letter of inquiry when he had not heard from him by mid-April. During a telephone conversation, Quinn told relator that he had twice faxed his response to relator (though relator had not received it), and stated that he would send it by certified mail. When relator had not received Quinn's response within two weeks of that phone conversation, he sent a third letter of inquiry.

{¶ 9} Although Quinn responded to the third letter of inquiry, he failed to comply with relator's follow-up request to submit proof that he had refunded

Hoffman's money in October 2013 as he claimed. After being served with a subpoena for his deposition, Quinn called relator and said that his earlier checks to Hoffman had not been cashed but that he would immediately obtain a cashier's check and send it to Hoffman. On January 22, 2014, he faxed relator a copy of a cashier's check and cover letter that he had allegedly sent to Hoffman on January 21, 2014. Relator canceled the January 23, 2014 deposition and requested an electronic copy of the cover letter that Quinn claimed to have sent to Hoffman the previous October. It took Quinn almost six weeks to submit the requested document. Ultimately, Quinn refunded all of Hoffman's money except the $250 fee to file the appeal.

{¶ 10} The parties stipulated and the board found that Quinn's conduct violated Prof.Cond.R. 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance), 1.15(d) (requiring a lawyer, upon request, to promptly render a full accounting of funds or property in which a client or third party has an interest), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation). We adopt the board's findings of fact and misconduct.

## Sanction

{¶ 11} In determining what sanction to recommend to this court, the board considered the ethical duties the lawyer violated, the presence of aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B),[2] and the sanctions imposed in similar cases.

{¶ 12} As aggravating factors, the parties stipulated and the board found that Quinn engaged in multiple offenses and initially failed to cooperate in relator's investigation. *See* BCGD Proc.Reg. 10(B)(1)(d) and (e). And the board

---

[2] Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

found that the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Quinn's payment of full restitution to Hoffman, and his cooperation in the disciplinary process after relator filed the formal complaint qualify as mitigating factors. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d). The board noted that Quinn's ability to cooperate during the initial stages of relator's investigation may have been impaired by the tragic death of his stepdaughter and the subsequent heart attack of his wife. Moreover, the board credited Quinn for negotiating Hoffman's reduced sentence and noted the absence of harm to Hoffman.

{¶ 13} The board compared the facts of this case to those of *Columbus Bar Assn. v. Peden*, 118 Ohio St.3d 244, 2008-Ohio-2237, 887 N.E.2d 1183, in which we imposed a six-month suspension, all stayed on conditions, plus one year of monitored probation on an attorney who mishandled client funds, overdrew his client trust account, and initially failed to cooperate in the ensuing disciplinary investigation. Finding *Peden* to be instructive, the board recommends that we suspend Quinn for six months, all stayed on the condition that he engage in no further misconduct, and that we require him to serve one year of monitored probation with a primary focus on law-office management and compliance with client-trust-account regulations. We note, however, that Peden had been diagnosed with a mental-health condition that was causally related to his misconduct—a significant mitigating factor that is not present here. *Id.* at ¶ 5-6.

{¶ 14} Although we acknowledge that some mitigating factors are present, given the totality of Quinn's conduct—including his ten-month delay in depositing the check intended to cover Hoffman's filing fee and transcript expense, his misappropriation of those funds after he obtained a declaration that Hoffman was indigent (and entitled to a transcript at the state's expense), his failure to file an appellate brief, his failure to promptly refund Hoffman's money,

and his failure to cooperate in the ensuing disciplinary investigation—we believe that an actual suspension from the practice of law is warranted in this case.

{¶ 15} Accordingly, Charles Richard Quinn is suspended from the practice of law in Ohio for six months. Upon his reinstatement to the practice of law, Quinn shall serve one year of monitored probation focused primarily on his law-office management and compliance with client-trust-account regulations. *See* Gov.Bar R. V(21). Costs are taxed to Quinn.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER and O'NEILL, JJ., dissent, and would stay the entire term of respondent's six-month suspension.

_____

Scott J. Drexel, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Charles Richard Quinn, pro se.

_____