[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. McCord,* **Slip Opinion No. 2016-Ohio-3298.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3298

COLUMBUS BAR ASSOCIATION *v.* MCCORD.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. McCord,* **Slip Opinion No. 2016-Ohio-3298.**]

*Attorneys—Misconduct—Failure to maintain client trust account—Failure to inform clients of lack of professional liability insurance—Failure to file and pay federal income taxes—One-year suspension, all stayed on conditions.*

(No. 2014-1896—Submitted January 27, 2016—Decided June 8, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-062.

_____

**Per Curiam.**

{¶ 1} Respondent, Lumumba Touré McCord of Columbus, Ohio, Attorney Registration No. 0066968, was admitted to the practice of law in Ohio in 1996.  In December 2005, we briefly suspended McCord's license to practice law based on his failure to timely register for the 2005-2007 biennium.  *In re Attorney*

*Registration Suspension of McCord*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671; and *In re Reinstatement of McCord*, 107 Ohio St.3d 1705, 2006-Ohio-13, 840 N.E.2d 209.

**{¶ 2}** In a three-count complaint filed in September 2014, relator, Columbus Bar Association, charged McCord with multiple violations of the Rules of Professional Conduct arising from his failure to maintain a client trust account, failure to advise his clients that he did not maintain professional liability insurance, and his failure to file federal income tax returns for the years 2006 through 2010.

**{¶ 3}** In November 2014, relator certified that McCord was in default pursuant to former Gov.Bar R. V(6a) (now Gov.Bar R. V(14)), and we imposed an interim default suspension on McCord's license to practice law in Ohio effective December 10, 2014. *Columbus Bar Assn. v. McCord*, 141 Ohio St.3d 1249, 2014-Ohio-5407, 21 N.E.2d 1098. On March 6, 2015, we granted McCord's motion for leave to answer the complaint, agreed to terminate the interim default suspension upon conditions, and remanded the case to the Board of Professional Conduct for further proceedings. *Columbus Bar Assn. v. McCord*, 141 Ohio St.3d 1484, 2015-Ohio-783, 26 N.E.3d 820. We reinstated him to the practice of law on April 15, 2015. *Columbus Bar Assn. v. McCord*, 142 Ohio St.3d 1238, 2015-Ohio-1428, 30 N.E.3d 959.

**{¶ 4}** A panel of the board conducted a hearing and found by clear and convincing evidence that McCord engaged in some, but not all, of the misconduct charged in relator's complaint and recommended that he be suspended for one year, all stayed on conditions. The board adopted the panel's report in its entirety. We adopt the board's findings of fact, conclusions of law, and recommended sanction.

### Count One: Failure to Maintain Client Trust Account

**{¶ 5}** McCord admits that he closed his client trust account in 2010 and that from that time until approximately May 9, 2013, he deposited unearned client funds into his business account. He testified that in his criminal practice, he treated his

fee as "earned upon receipt" in that he immediately started working on the case. If a client was dissatisfied with McCord's fee or with his work, or if a task was not completed, McCord would refund the unearned portion of his fee from funds held in his business account.

{¶ 6} That practice was recognized and approved by the Board of Commissioners on Grievances and Discipline in Advisory Opinion 96-4 (June 14, 1996), which interpreted the former Code of Professional Responsibility and stated, "It is proper for a lawyer to enter a flat fee agreement requiring a criminal defendant to pay a fixed amount in advance of representation in a criminal matter" and that a flat fee "may be deposited into the lawyer's business account upon receipt," but that it "should not be deemed nonrefundable." *Id.* at syllabus. But the Rules of Professional Conduct, which took effect on February 1, 2007, supersede that advisory opinion and the board has recently withdrawn it. *See* Advisory Opinion 2016-1.

{¶ 7} Prof.Cond.R. 1.15(c) requires a lawyer to "deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred." Although Prof.Cond.R. 1.5(d)(3) permits a lawyer to designate that a fee is "earned upon receipt" or "nonrefundable," it also requires the lawyer to advise the client in writing that if the lawyer does not complete the representation for any reason, the client may be entitled to a refund of all or part of the fee. *See also* Advisory Opinion 2016-1, at 4. If those conditions are satisfied, then a fee paid in advance is to be considered the lawyer's funds and deposited in a place other than the lawyer's client trust account. *Id.*

{¶ 8} At the hearing, McCord acknowledged that he now understands that his past practice of depositing flat fees into his business account without satisfying the conditions in Prof.Cond.R. 1.5(d)(3) is no longer acceptable under the rules and that he has reopened his client trust account.

**{¶ 9}** Although no clients complained or were harmed by McCord's practice, the parties stipulated and the board found that McCord's failure to deposit client funds into a client trust account violated Prof.Cond.R. 1.15(a).

## Count II: Professional Liability Insurance

**{¶ 10}** McCord did not maintain professional liability insurance prior to May 2, 2013, and failed to inform any client of that fact for more than two years. No client complained and it appears that no clients were harmed by this failure. However, the parties stipulated and the board found that this conduct violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance).

## Count III: Failure to File and Pay Federal Income Taxes

**{¶ 11}** McCord was indicted on March 19, 2013, for failing to file income tax returns and pay federal income taxes for the calendar years 2006 through 2010. He eventually entered into a plea agreement in which he pleaded guilty to one misdemeanor count of willful failure to file a return, supply information, or pay income taxes in violation of 26 U.S.C. 7203. The court accepted the agreement and sentenced him to 60 days in jail and one year of supervised release and ordered him to pay restitution of $98,908.85. McCord appealed the decision, but his sentence was affirmed.

**{¶ 12}** Relator argued and the board agreed that McCord's misdemeanor conviction violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness). However, the board recommended that three additional alleged violations be dismissed.

**{¶ 13}** We adopt these findings of fact, agree that McCord's conduct violated Prof.Cond.R. 1.15(a), 1.4(c), and 8.4(b), and dismiss the remaining alleged violations.

**Sanction**

**{¶ 14}** The parties stipulated and the board found that McCord's prior three-day registration suspension and multiple violations are aggravating factors weighing in favor of a greater sanction. *See* Gov.Bar R. V(13)(B)(1) and (4). They also found that relevant mitigating factors include McCord's full and free disclosure to the board and cooperative attitude toward the disciplinary proceedings, the imposition of criminal sanctions for his income tax violations, his payments of $300 per month toward his criminal restitution order, his efforts to correct his accounting practices, his admission of responsibility, and the absence of harm to his clients. *See*, *e.g.*, Gov.Bar R. V(13)(C)(3), (4), and (6). The board also noted that a Franklin County Common Pleas Court judge testified and described McCord as being "professionally prepared" and performing "stellar work when representing his clients." He stated that he was disappointed to learn of McCord's federal tax issue, but that he was confident in McCord's honesty and ability to perform his duties. *See* Gov.Bar R. V(13)(C)(5).

**{¶ 15}** Relator recommended that McCord be suspended from the practice of law for one year with six months stayed and that he serve one year of probation. In contrast, McCord argued in favor of a six-month fully stayed suspension with two years of probation. The board, however, recommended that McCord be suspended from the practice of law for one year, but that we stay the entire suspension on the conditions that he (1) comply with all requirements of the Internal Revenue Service for the payment of his back taxes, (2) timely pay his current tax obligations, and (3) successfully complete a two-year term of probation, during which he must complete at least six hours of continuing-legal-education ("CLE") courses in law-office management in addition to the CLE requirements set forth in Gov.Bar R. X. Neither party objects to this recommendation.

**{¶ 16}** We have imposed one-year fully stayed suspensions on attorneys who have engaged in comparable misconduct. *See Cuyahoga Cty. Bar Assn. v.*

*Veneziano*, 120 Ohio St.3d 451, 2008-Ohio-6789, 900 N.E.2d 185 (imposing a one-year suspension stayed on conditions on an attorney who not only failed to timely file tax returns and pay her own taxes for five years, but also failed to withhold federal payroll taxes from her employees' wages for seven years); *Lake Cty. Bar Assn. v. Ezzone*, 102 Ohio St.3d 79, 2004-Ohio-1774, 806 N.E.2d 991 (suspending an attorney for one year, all stayed on conditions based on his guilty plea to a misdemeanor charge of failure to file a federal income tax return); and *Disciplinary Counsel v. Hillman*, __ Ohio St.3d __, 2016-Ohio-1172, __ N.E.3d __ (imposing a one-year stayed suspension on an attorney who was convicted of willfully failing to file a federal income tax return and who acknowledged that he also failed to file two additional returns). We recognize that in addition to failing to file income tax returns, McCord failed to deposit client funds into a separate client trust account and failed to inform his clients that he did not carry professional liability insurance. Nonetheless, we agree that a one-year suspension, stayed on conditions, is the appropriate sanction for his misconduct.

{¶ 17} Accordingly, Lumumba Touré McCord is suspended from the practice of law for one year, all stayed on the conditions that he (1) comply with all requirements of the Internal Revenue Service for the payment of his back taxes, (2) timely pay his current tax obligations, (3) successfully complete a two-year term of probation, during which he must complete at least six hours of CLE courses in law-office management in addition to the CLE requirements of Gov.Bar R. X, and (4) engage in no further misconduct. If McCord fails to abide by these conditions, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to McCord.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Bloomfield & Kempf, L.L.P., and David S. Bloomfield; Barry W. Epstein; A. Alysha Clous, Assistant Bar Counsel, and Bruce A. Campbell, Bar Counsel, for relator.

Brehm & Associates, L.P.A., and Eric W. Brehm, for respondent.

_____