**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Truax,* **Slip Opinion No. 2016-Ohio-7334.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7334

DISCIPLINARY COUNSEL *v.* TRUAX.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Truax,* Slip Opinion No. 2016-Ohio-7334.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct— Conditionally stayed six-month suspension.*

(No. 2016-0856—Submitted July 13, 2016—Decided October 18, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-080.

_____

**Per Curiam.**

**{¶ 1}** Respondent, William Henry Truax Jr. of Columbus, Ohio, Attorney Registration No. 0001923, was admitted to the practice of law in Ohio in 1976. In December 2015, relator, disciplinary counsel, charged Truax with professional misconduct arising from his misuse of a client's funds in his trust account.

**{¶ 2}** The Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16). In the agreement, Truax admitted that after depositing a client's retainer into his trust account, he withdrew $1,452.50 in unearned legal fees for his own personal use. Truax also overdrew the account by $14.78. After relator commenced an investigation, Truax informed the client that he had converted a portion of her retainer and he offered to refund her money. The client, however, chose to allow Truax to continue with his representation and deduct the costs of his legal services from the amount that he had converted. Truax then completed his representation of the client without further incident. The parties stipulate that Truax's conduct violated Prof.Cond.R. 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred).

**{¶ 3}** In their agreement, the parties also stipulate that no aggravating factors are applicable to this case and that mitigating factors include the absence of a prior disciplinary record, the lack of a dishonest motive, a timely and good-faith effort to make restitution, and a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(1) through (4). As a sanction, the parties recommend that Truax serve a stayed six-month suspension.

**{¶ 4}** The board found that the consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16), and it recommends that we adopt the agreement in its entirety. In support of this recommendation, the parties and the board cite *Disciplinary Counsel v. Vivyan*, 125 Ohio St.3d 12, 2010-Ohio-650, 925 N.E.2d 947. In that case, an attorney withdrew $1,535 in client funds to which he was not entitled from his trust account. Mitigating factors included the absence of prior discipline in an almost 40-year legal career, cooperation in the disciplinary process, and timely restitution. We noted that under such circumstances, the "standard disposition" is a conditionally stayed six-month suspension. *Id.* at ¶ 14.

**{¶ 5}** We agree with the parties and the board that Truax's conduct violated Prof.Cond.R. 1.15(c), that *Vivyan* is relevant precedent, and that a similar sanction is warranted here. Accordingly, we adopt the parties' consent-to-discipline agreement.

**{¶ 6}** William Henry Truax Jr. is hereby suspended from the practice of law for six months, all stayed on the condition that he engage in no further misconduct. If Truax violates the condition of the stay, the stay will be lifted and he will be suspended for the full six months. Costs are taxed to Truax.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents and would publicly reprimand respondent.

_____

Scott J. Drexel, Disciplinary Counsel, and Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.

William Henry Truax Jr., pro se.

_____