**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Turner*, **Slip Opinion No. 2020-Ohio-4030.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4030

CINCINNATI BAR ASSOCIATION *v.* TURNER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Turner*, Slip Opinion No. 2020-Ohio-4030.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to hold property of clients in an interest-bearing client trust account separate from lawyer's own property—Conditionally stayed one-year suspension.*

(No. 2020-0470—Submitted May 13, 2020—Decided August 13, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-045.

_____

**Per Curiam.**

{¶ 1} Respondent, Jamie Lynn Turner, of Cincinnati, Ohio, Attorney Registration No. 0084730, was admitted to the practice of law in Ohio in 2009.[1]

{¶ 2} In a December 2019 amended complaint, relator, Cincinnati Bar Association, charged Turner with committing professional misconduct in three client matters and failing to deposit client funds into a trust account. Turner stipulated to the charges relating to her client trust account but denied the other allegations. After a hearing, a three-member panel of the Board of Professional Conduct dismissed most of the alleged rule violations, found that she had failed to properly use her client trust account, and recommended that she serve a conditionally stayed one-year suspension. The board has issued a report adopting the panel's findings of misconduct and recommended sanction, and neither party has objected to the board's report.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} The board found that Turner mishandled clients' retainers in two matters and generally failed to deposit retainers into her client trust account for nearly two years.

{¶ 5} Specifically, in February 2017, a client hired Turner to represent him in a divorce proceeding and paid Turner $2,500, which, according to their written retainer agreement, she was supposed to draw against to charge her hourly fee. Turner, however, failed to deposit the client's retainer into her trust account. Based on this conduct, Turner stipulated and the board found that she violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property).

---

1. Turner was also admitted to the practice of law in Kentucky in 2009, although in January 2017, Kentucky suspended her license for noncompliance with that state's continuing-legal-education requirements.

**{¶ 6}** In September 2018, another client hired Turner to represent her in a divorce proceeding and the client's sister paid Turner a $5,000 retainer and $375 for a filing fee—both by credit card. Turner again failed to deposit any of the funds into her client trust account. The following month, the client terminated Turner's representation. Although Turner had not filed a divorce complaint—and therefore had not expended the funds for the filing fee—she failed to return the $375 until after her March 2020 disciplinary hearing.

**{¶ 7}** Based on this conduct, Turner stipulated and the board found that she violated Prof.Cond.R. 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance) and 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive). *See* Board of Commissioners on Grievances and Discipline Advisory Opinion No. 2007-3 (Apr. 13, 2007), syllabus ("credit card payments for advances on unearned legal fees and advances on future legal expenses must go into a client trust account").

**{¶ 8}** Finally, between February 2017 and November 2019, Turner was attorney of record in 19 domestic-relations cases, which she admitted required the handling of client funds. Turner, however, deposited those client funds into her operating account rather than her client trust account. She also admitted that she did not regularly use her client trust account during that time period. Based on that conduct, Turner stipulated and the board found that she committed another violation of Prof.Cond.R. 1.15(a).

**{¶ 9}** We agree with the board's findings of misconduct.

### Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 11}** The board found one aggravating factor—that Turner had committed multiple offenses. *See* Gov.Bar R. V(13)(B)(4). As for mitigating factors, the board found that Turner has a clean disciplinary record in Ohio and that she had lacked a dishonest or selfish motive, made full and free disclosures to the board and showed a cooperative attitude toward the disciplinary proceedings, and submitted evidence of good character. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). The board also credited Turner for her sincere expression of remorse and her commitment to rectify her misconduct. The board noted that Turner is a solo practitioner without any staff and that prior to the disciplinary investigation, she had failed to study and understand Prof.Cond.R. 1.15's requirements. Despite those shortcomings, the board found no indication that Turner had failed to provide the legal services for which her clients had paid her. The board also concluded that at the time of her disciplinary hearing, she was in compliance with Prof.Cond.R. 1.15.

**{¶ 12}** In crafting a recommended sanction, the board found *Toledo Bar Assn. v. Gregory*, 132 Ohio St.3d 110, 2012-Ohio-2365, 969 N.E.2d 1182, most instructive. Similar to the facts here, the panel in *Gregory* had dismissed most of the misconduct allegations against the attorney, except those relating to her failure to deposit two client retainers into her trust account. *Id.* at ¶ 3. The attorney also admitted that she had failed to maintain the required records for the account and to perform and retain monthly reconciliations of the account. As aggravating factors, the attorney had engaged in a pattern of misconduct involving multiple offenses. Mitigating factors included the attorney's clean disciplinary record, the absence of a dishonest or selfish motive, her cooperation in the disciplinary proceedings, her acknowledgment of the wrongful nature of her conduct, and the absence of lasting harm to her clients. We suspended the attorney for six months but stayed the suspension on conditions, including that she complete six hours of continuing legal education ("CLE") in law-office management and complete a one-year term of monitored probation. *Id.* at ¶ 16.

{¶ 13} The board here expressed concern about the number of Turner's trust-account violations and her poor office-management skills. But those concerns were tempered, the board found, by the lack of evidence in the record. Specifically, the board noted that with respect to the general client-trust-account violation, relator had failed to present evidence about the terms of Turner's engagements with her 19 domestic-relations clients, the services she had rendered, the amount of funds she had received, or how she had disposed of those funds. The record is limited to the fact that between February 2017 and November 2019, there was minimal activity in Turner's client trust account even though she was representing those clients. Based on this record, the board recommends that we suspend Turner for one year, with the entire suspension stayed on the conditions that she complete CLE courses in law-office management, complete a one-year term of monitored probation, and refrain from any further misconduct.

{¶ 14} Given that Turner failed to properly deposit retainers into her client trust account—or to even use the account—for almost two years, we agree that a one-year suspension, stayed in its entirety on conditions, including monitored probation, is appropriate. That sanction is consistent with the sanctions we have imposed on other attorneys who similarly failed to comply with the requirements of Prof.Cond.R. 1.15 over an extended period of time. *See, e.g.*, *Disciplinary Counsel v. Daniell*, 140 Ohio St.3d 67, 2014-Ohio-3161, 14 N.E.3d 1040.

**Conclusion**

{¶ 15} Jamie Lynn Turner is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that she (1) complete a minimum of six hours of CLE in law-office management within 90 days of our disciplinary order, in addition to the other requirements of Gov.Bar R. X, (2) complete a one-year term of monitored probation pursuant to Gov.Bar R. V(21), with the monitoring to focus on law-office management and maintenance of Turner's client trust account, and (3) refrain from any further misconduct. If Turner

fails to comply with any condition of the stay, the stay will be lifted and she will serve the entire one-year suspension.  Costs are taxed to Turner.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Edwin W. Patterson III, Bar Counsel; Goldberg Evans, L.L.C., and Shawn M. Evans; and Beckman, Weil, Shepardson, L.L.C., and Stephanie M. Day, for relator.

Peter Rosenwald, for respondent.

_____