**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. Sabol*, **Slip Opinion No. 2021-Ohio-2059.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2059

COLUMBUS BAR ASSOCIATION *v.* SABOL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Sabol*, Slip Opinion No. 2021-Ohio-2059.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the former Code of Professional Responsibility—Conditionally stayed six-month suspension.*

(No. 2021-0217—Submitted March 31, 2021—Decided June 22, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-037.

_____

**Per Curiam.**

{¶ 1} Respondent, Suzanne Kay Sabol, of Columbus, Ohio, Attorney Registration No. 0033077, was admitted to the practice of law in Ohio in 1983.

{¶ 2} In July 2020, relator, the Columbus Bar Association, charged Sabol with failing to properly deposit funds into and maintain records for her client trust

account. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that Sabol should serve a stayed six-month suspension with a period of monitored probation. After a hearing, a three-member panel of the Board of Professional Conduct dismissed one of the alleged rule violations, found that Sabol had engaged in the remaining stipulated misconduct, and recommended that we impose a conditionally stayed six-month suspension. The board issued a report adopting the panel's findings and recommended sanction, and neither party has objected to the board's report.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} Sabol is a solo practitioner focusing in domestic-relations law. She stipulated that from 1983 through 2019, she failed to comply with Ohio's ethical rules regulating the safekeeping of client funds and client trust accounts. Specifically, she routinely deposited and held client retainers in her law firm's operating account. Although she maintained a client trust account, she deposited client funds into that account only on certain occasions. For example, she would deposit the proceeds from the sale of a home into her trust account before distributing the money. Or she would transfer a client's unused retainer from her operating account into her trust account before refunding the money to the client. Sabol admitted that because she deposited advanced legal fees into her operating account and regularly paid personal expenses from that account, she may have paid personal expenses with client funds before they were earned.

{¶ 5} The parties also stipulated that even though Sabol had failed to comply with the ethical rules regulating client trust accounts, she had maintained an accounting of her operating account and had kept detailed records demonstrating running balances for services rendered against each client's retainer. Thus, Sabol was able to refund to clients any unused retainers, and the board found that there

was no evidence—and no clients had complained—that Sabol had failed to timely return unearned client funds.

{¶ 6} At her disciplinary hearing, Sabol admitted that about ten years after becoming a lawyer, she became concerned about her procedures for handling retainers. Yet she also testified that she was unsure of the rules and scared of being reported to disciplinary authorities. She further testified that since relator commenced its disciplinary investigation, she had attended a continuing-legal-education ("CLE") course on attorney fees and fund management, hired a bookkeeper, and purchased new case-management software.

{¶ 7} Based on this conduct, the parties stipulated and the board found that by failing to maintain client funds in a separate, interest-bearing trust account, Sabol violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and former DR 9-102(E)(1) (requiring an attorney to maintain client funds in an interest-bearing account). In addition, the parties stipulated and the board found that Sabol failed to maintain the required records for her client trust account and to perform monthly reconciliations of the account in violation of Prof.Cond.R. 1.15(a) and 1.15(a)(2) through (5) (requiring a lawyer to maintain certain records regarding funds held in a client trust account and certain bank records as well as to perform and retain a monthly reconciliation of the account) and former DR 9-102(B)(3) (requiring a lawyer to maintain complete records of all client property coming into the lawyer's possession and render appropriate accounts to each client).[1]

{¶ 8} We agree with the board's findings of misconduct.

---

1. Because Sabol's misconduct occurred both prior to and after February 1, 2007, the effective date of the Rules of Professional Conduct, relator charged Sabol under the former Code of Professional Responsibility and the counterpart provisions of the current Rules of Professional Conduct.

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} The board found one aggravating factor: that Sabol had committed multiple offenses, *see* Gov.Bar R. V(13)(B)(4). In mitigation, the board found that Sabol has no prior discipline and had lacked a dishonest or selfish motive, made a timely and good-faith effort to rectify the consequences of her misconduct, had a cooperative attitude toward the disciplinary proceedings, and submitted evidence of good character and reputation. *See* Gov.Bar R. V(13)(C)(1) through (5). In addition, the board noted that Sabol had acknowledged the wrongful nature of her misconduct and that none of her clients had been injured by her accounting failures.

{¶ 11} The board reviewed a number of cases involving attorneys who similarly failed to comply with the requirements of Prof.Cond.R. 1.15(a). For example, in *Cincinnati Bar Assn. v. Turner*, 161 Ohio St.3d 19, 2020-Ohio-4030, 160 N.E.3d 717, an attorney deposited client funds into her operating account rather than her client trust account for nearly two years, mishandled clients' retainers in two matters, and failed to promptly refund an advanced fee to one client. Mitigating factors included the attorney's clean disciplinary record, the absence of a dishonest or selfish motive, cooperation in the disciplinary process, and evidence of good character. As a solo practitioner, the attorney had failed to study and understand Prof.Cond.R. 1.15's requirements, although the board found no indication that she had failed to provide the legal services for which her clients had paid her. The board also credited the attorney for her commitment to rectifying her misconduct. We suspended the attorney's license for one year but stayed the suspension on conditions, including that she complete CLE in law-office management and submit to monitored probation. *Id.* at ¶ 15.

{¶ 12} The board also cited *Disciplinary Counsel v. Fletcher*, 122 Ohio St.3d 390, 2009-Ohio-3480, 911 N.E.2d 897, in which an attorney failed to maintain required records to document the identity of funds in his client trust account, used his client trust account as his operating account to pay business and personal expenses, and provided impermissible financial assistance to one client. Mitigating factors included the attorney's clean disciplinary record, lack of a dishonest or selfish motive, and cooperation in the disciplinary process. We found that the attorney's poor accounting practices had resulted from a "complete lack of understanding and appreciation of his duty to safeguard client funds." *Id*. at ¶ 16. And although the attorney commingled personal and client funds, no one had accused him of misappropriation and no clients had been harmed as a result of his misconduct. In addition, the attorney acknowledged his deficiencies and promised to find help to properly manage his various bank accounts. We imposed a six-month suspension stayed on conditions, including that he complete one year of monitored probation. *Id*. at ¶ 17.

{¶ 13} Here, the board expressed concerns about the extended period of time during which Sabol engaged in misconduct and her failure to take corrective action after she questioned her own handling of client retainers. But because of the significant mitigating evidence and the fact that Sabol has taken concrete steps to prevent recurrence of her misconduct, the board recommends that she serve a six-month suspension stayed on conditions, including that she complete CLE and a one-year term of monitored probation focused on law-office management and compliance with client-trust-account regulations.

{¶ 14} We adopt the board's recommendation. The circumstances here are similar to those in *Fletcher*, and in mitigation, Sabol has no prior discipline in a lengthy and otherwise unblemished legal career, she lacked a dishonest or selfish motive, she cooperated in the disciplinary process, there is no evidence that her actions harmed any of her clients, and she has instituted corrective measures to

ensure the proper safekeeping of client funds in the future. We therefore agree that a conditionally stayed six-month suspension is the appropriate sanction in this case.

**Conclusion**

{¶ 15} For the reasons explained above, Suzanne Kay Sabol is hereby suspended from the practice of law in Ohio for six months, with the suspension stayed in its entirety on the conditions that she (1) complete a one-year term of monitored probation pursuant to Gov.Bar R. V(21) focused on law-office management and compliance with client-trust-account regulations, (2) complete a minimum of three hours of CLE on law-office management and compliance with client-trust-account regulations, in addition to the other requirements of Gov.Bar R. X, and (3) refrain from any further misconduct. If Sabol fails to comply with any condition of the stay, the stay will be lifted and she will serve the entire six-month suspension. Costs are taxed to Sabol.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., not participating.

————————

Vorys, Sater, Seymour & Pease, L.L.P., and Elizabeth T. Smith; and Kent R. Markus, Bar Counsel, and Thomas E. Zani, Deputy Bar Counsel, for relator.

The Tyack Law Firm Co., L.P.A., and James P. Tyack, for respondent.

————————